### IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

TONY LYNDELL THIERRY,            )
                                 )
                Plaintiff,       )
                                 )
                                 )    Case No. CIV-19-260-RAW-KEW
                                 )
COMMISSIONER OF THE SOCIAL       )
SECURITY ADMINISTRATION,         )
                                 )
                Defendant.       )

### REPORT AND RECOMMENDATION

Plaintiff Tony Lyndell Thierry (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that he was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 50 years old at the time of the decision. He has a high school education and worked in the past as a bench machinist and a mechanic. Claimant alleges an inability to work beginning on September 1, 2015, due to limitations resulting from degenerative disc disease and gastrointestinal problems.

## Procedural History

On July 13, 2016, Claimant protectively filed for a period of disability and disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On June 26, 2018, ALJ Christopher Hunt, conducted an administrative hearing from Tulsa, Oklahoma, at which Claimant was present and

participated. On July 17, 2018, the ALJ entered an unfavorable decision. Claimant requested review by the Appeals Council, and on March 21, 2019, it denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with additional limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error by assigning great weight to the stale opinions of the state agency consultants.

## Evaluation of Opinion Evidence

In his decision, the ALJ found Claimant suffered from a severe impairment of degenerative disc disease (Tr. 20). He determined Claimant could perform less than a full range of light work. Claimant could lift and/or carry twenty pounds occasionally and ten pounds frequently, stand and/or walk six hours in an eight-hour workday, and sit for six hours in an eight-hour workday. He could occasionally climb ramps and stairs, balance, bend, stoop, kneel, crouch, and crawl, but he could never climb ladders, ropes or scaffolds. (Tr. 20).

4

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of bottling like attendant, electrical assistant, and inspector packer, all of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 25-26). As a result, the ALJ concluded Claimant was not under a disability from September 1, 2015, through the date of the decision. (Tr. 26).

Claimant contends the ALJ afforded the opinions of state agency consultants David Coffman, M.D., and Ronald Painton, M.D. "great weight" in assessing the RFC, but the opinions were stale because they were rendered prior to Claimant's April 15, 2018 automobile accident and a subsequent MRI, which showed his back condition had worsened. He asserts the ALJ improperly reached a medical conclusion and failed to explain how the 2015 MRI was consistent with the 2018 MRI.

In the decision, the ALJ discussed Claimant's involvement in an automobile accident in June of 2015. Claimant underwent an MRI of the lumbar spine on October 7, 2015. It revealed post-surgical changes at L4-5, multi-level, multifactorial lumbar spondylosis with varying degrees of spinal, subarticular recess and foraminal stenosis, and a grade 1 anterolisthesis with disc uncovering, disc osteophyte complex, and left paracentral to right paracentral cranial disc extrusion at L3-4. Claimant had moderate to severe bilateral foraminal stenosis and mild compression at both L3

5

nerves. He had moderate bilateral foraminal stenosis at L5-S1 with inferior pop and subtle compression of both L5 nerves. Low-grade muscle strain of the right lower erector spinae musculature also was present. (Tr. 23, 416).

The ALJ also discussed Claimant's involvement in a second automobile accident in April of 2018. He underwent an MRI of the lumbar spine in May of 2018. The May 2018 MRI revealed moderate bulging of the L3-4 disc and hypertrophy of the facet joints. Although the central canal was not compromised at that level, the lateral recesses showed mild narrowing and the foramina showed moderate to severe narrowing. The exiting L3 nerves were contacted, and the L4 nerves were contacted but to a lesser degree. The MRI showed the L4-5 was fused anteriorly with hardware in place and the central canal and foramina were patent. A posterior disc protrusion was present at L5-S1 and hypertrophy of the facets, greatest in the left foramen. Claimant had moderate to severe, left greater than right, foraminal narrowing, and the exiting L5 nerve was contacted and could easily be compromised. There was mild anterior/inferior L3 endplate edema. (Tr. 24, 554-55).

The ALJ further discussed the opinion evidence, including the opinions of the state agency consultants. On November 7, 2016, Dr. Coffman concluded Claimant had an RFC to perform light work, but he could never climb ladders, ropes, or scaffolds. He determined Claimant could frequently climb ramps and stairs and stoop

occasionally. Claimant's ability to balance, kneel, crouch, and crawl was unlimited. (Tr. 87-89). On January 20, 2017, Dr. Painton determined Claimant was subject to limitations identical to those found by Dr. Coffman. (Tr. 96-99).

Although not making "a definitive determination" on whether a state agency consultant's opinion was stale, the Tenth Circuit has noted that an "ALJ's reliance on [a] patently stale opinion" can be "troubling[.]" *Chapo v. Astrue*, 682 F.3d 1285, 1293 (10th Cir. 2012). However, it is "the ALJ, not a physician, [who] is charged with determining a claimant's RFC from the medical record." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004). Moreover, a court cannot reweigh the evidence. *See Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

The ALJ assigned "great weight" to the opinions of Dr. Coffman and Dr. Painton, noting both physicians determined Claimant could perform light work with postural limitations. He found their opinions were consistent with the medical evidence, including Claimant's recent MRI results. He concluded that his RFC assessment was supported by Claimant's treatment records, the consultative examination with Dr. Subramaniam Krishnamurthi, M.D., which showed a full range of motion, his long periods of no treatment for his reported back pain, and the "mostly mild to moderate narrowing" indicated on the most recent MRI of the lumbar spine. (Tr. 24).

The ALJ specifically considered Claimant's 2018 MRI results in the RFC assessment and in conjunction with the 2015 MRI findings and the opinions of the state agency consultants. Although he relied upon the opinions of the state agency consultants, affording them "great weight," a review of the RFC shows that it is even more limiting than the RFC imposed by the state agency consultants. Both Dr. Coffman and Dr. Painton determined Claimant could frequently climb ramps or stairs and he was unlimited in his ability to balance, kneel, crouch, and crawl. However, the ALJ limited Claimant to only occasional climbing of ramps or stairs and only occasional balancing, kneeling, crouching, and crawling. (Tr. 20). He determined the Claimant's RFC based upon his review of the evidence. *See*, *e.g.*, *Kearns v. Colvin*, 633 Fed. Appx. 678, 683 (10th Cir. 2015) ("The ALJ carefully considered all of the medical evidence in formulating an RFC that addressed Ms. Kearns's mental impairments. Just because his assessment was similar to the medical opinions of Drs. Holloway and Taber does not mean that it was based solely on stale evidence. Substantial evidence supports the ALJ's decision."). This Court will not reweigh the evidence, and therefore finds no error by the ALJ. *See Patterson v. Colvin*, 662 Fed. Appx. 664, 669 (10th Cir. 2016) ("Plaintiff simply 'seeks to have this court reweigh the evidence to h[er] benefit, which we do not do . . .'"), quoting *Flaherty*, 515 F.3d at 1070.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be AFFIRMED. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 31st day of July, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE